NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 24 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GARY ALLEN HARRINGTON, Plaintiff-Appellant, v. LARRY MENTEER, Assistant Water Master, District 13; et al., Defendants-Appellees, and JEFFERSON B. SESSIONS III, Attorney General, Defendant. | No. 17-35610 D.C. No. 1:16-cv-00200-CL MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted May 15, 2018[**]

Before:    SILVERMAN, BEA, and WATFORD, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Gary Allen Harrington appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6) and we may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Harrington's false arrest, false imprisonment, cruel and unusual punishment, and due process claims because Harrington failed to file his action within the applicable two-year statute of limitations. *See Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (explaining that the statute of limitations for § 1983 actions is the state law statute of limitations for personal injury actions, and that the applicable Oregon statute of limitations is two years).

The district court properly dismissed Harrington's trespass, breach of fiduciary duty, takings, and impairment of contractual obligation claims for damages because it would not have been clear to every reasonable state official that entering Harrington's property and taking action authorized by a court order was unlawful under the circumstances. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (discussing qualified immunity and noting that a right is clearly established only if "every reasonable official would have understood that what he is doing

17-35610

violates that right" (citation and internal quotation marks omitted)).

To the extent any of Harrington's claims are not time-barred and seek injunctive relief, dismissal of such claims was proper because they constitute a forbidden "de facto appeal" of prior state court judgments against Harrington or are "inextricably intertwined" with those judgments. *See Noel v. Hall*, 341 F.3d 1148, 1163-65 (9th Cir. 2003) (discussing proper application of the *Rooker-Feldman* doctrine); *see also Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (*Rooker-Feldman* doctrine barred plaintiff's claim because the relief sought "would require the district court to determine that the state court's decision was wrong and thus void").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or documents and facts not presented to the district court. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

**AFFIRMED.**